**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TRIUMPH DESIGNS, LTD., | |
| PLAINTIFF, | CASE NO.: 1:22-CV-00506 |
| V. | |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | JUDGE STEVEN C. SEEGER |
| DEFENDANTS. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**<u>MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION</u>**

Plaintiff, Triumph Designs, Ltd., ("Triumph" or "Plaintiff") submits this Memorandum of Law in support of its Motion for Entry of a Preliminary Injunction.

## MEMORANDUM OF LAW

### I.      INTRODUCTION

Plaintiff, Triumph Designs, Ltd., brings the present action against the defendants identified on Schedule A to the Complaint (collectively, the "Defendants") for federal trademark infringement and counterfeiting (Count I), false designation of origin (Count II), and violation of the Illinois Uniform Deceptive Trade Practices Act (Count III). As alleged in Triumph's Complaint [Docket No. 10], the Defendants are promoting, advertising, distributing, offering for sale, and selling products, including clothing, toys, and other goods, using counterfeit versions of Triumph's federally registered Triumph Trademarks[1] ("Counterfeit Triumph Products") through various fully interactive, commercial Internet stores operating under at least the online marketplace accounts identified on Schedule A to the Complaint (collectively, the "Defendant Internet Stores" or "Seller Aliases").

### II.      STATEMENT OF FACTS

On April 8, 2022, this Court granted Triumph Designs, Ltd.'s *Ex Parte* Motion for Entry of a Temporary Restraining Order ("the TRO"). [17]. The TRO authorized Triumph to provide notice of these proceedings and the preliminary injunction hearing to Defendants by electronically publishing a link to the Complaint, the TRO, and other relevant documents on a website and by sending an email to the email addresses provided for Defendants by third parties which includes a link to said website. [17] at ¶ 7. This Court granted Triumph's *Ex Parte* Motion to Extend the Temporary Restraining Order until May 6, 2022. [22]. Since, and pursuant to entry of the TRO, several financial accounts associated with the Defendant Internet Stores have been frozen. See Declaration of Ann Marie Sullivan (hereinafter, "Sullivan Declaration") at ¶ 2.

---

[1] A true and correct copy of Plaintiff's federally registered trademarks was attached as Exhibit 1 to the Complaint, and was further defined as the "Triumph Trademarks," in the Complaint.

Triumph respectfully requests that this Court convert the TRO to a preliminary injunction against Defendants, so that they remain enjoined from the manufacture, importation, distribution, offering for sale, and sale of Counterfeit Triumph Products during the pendency of this litigation. As part of the Preliminary Injunction, Triumph requests that Defendants' financial accounts remain frozen until completion of these proceedings.

## III.    ARGUMENT

### A.    A Preliminary Injunction Extending Relief Already Granted in the TRO Is Appropriate

Triumph respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further unlawful conduct by Defendants. Courts addressing similar allegations of Internet-based counterfeiting have also issued preliminary injunctions following a temporary restraining order. *See, e.g., Deckers Outdoor Corporation v. The Partnerships, et al.,* No. 15-cv-3249 (N.D. Ill. May 6, 2015) (unpublished).

> i.    <u>This Court has Already Found that the Requirements for a Preliminary Injunction have been Satisfied</u>

The standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit; as such, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g., Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, 2001 WL 527404, at *1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). By virtue of this Court's entry of the TRO, it has already found that the above requirements have been satisfied.

ii.     The Equitable Relief Sought Remains Appropriate

The Lanham Act authorizes courts to issue injunctive relief "according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark …." 15 U.S.C. § 1116(a).

Triumph requests conversion of the TRO to a preliminary injunction so that Defendants' accounts in U.S.-based financial institutions remain frozen. Since entry of the TRO, e-commerce platforms and payment processors such as eBay, Inc. ("eBay"), PayPal, Inc. ("PayPal"), Payoneer, Inc. ("Payoneer"), Stripe, Inc. ("Stripe"), ContextLogic, Inc. ("Wish"), Amazon Payments, Inc. ("Amazon"), Etsy, Inc. ("Etsy"), and Alipay US, Inc. ("Alipay") (collectively referred to herein as "Payment Processors"), have provided Triumph with information, including the identification of several financial accounts linked to the Defendant Internet Stores which were offering for sale and/or selling Counterfeit Triumph Products. In the absence of a preliminary injunction, Defendants may attempt to move any assets from any accounts in U.S.-based financial institutions to an offshore account. Therefore, Defendants' assets should remain frozen for the remainder of the proceedings.

The amount of damages to which Triumph is entitled, as set forth in the Complaint, far exceeds any amount contained in any of the Defendants' frozen financial accounts. For example, Triumph's prayer for relief requests statutory damages which can be up to $2 million from each Defendant. [10]. In addition, and as established in Triumph's TRO Memorandum [12], many federal courts, including the Northern District of Illinois, have granted orders preventing the fraudulent transfer of assets. *See, e.g., Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, 2005 WL 3115892 (N.D. Ill. Nov. 8, 2005). As such, an order continuing to freeze the Defendants' assets should be granted.

## IV.    CONCLUSION

In view of the foregoing, Triumph respectfully requests that this Court enter the preliminary injunction.

Dated:      May 3, 2022                          Respectfully submitted,

                                                 */s/ Ann Marie Sullivan*
                                                 Ann Marie Sullivan
                                                 Alison Carter
                                                 AM Sullivan Law, LLC
                                                 1440 W. Taylor St., Suite 515
                                                 Chicago, Illinois 60607
                                                 Telephone: 224-258-9378
                                                 E-mail: ams@amsullivanlaw.com

                                                 ***ATTORNEYS FOR PLAINTIFF***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on May 3, 2022 a true and correct copy of the above and foregoing document was: electronically filed, with the Clerk of the Court using the CM/ECF system; electronically published on a website to which the Defendants have been directed pursuant to the Service of Process; and emailed to all email addresses identified or provided for Defendants by the Defendants or third-parties, which includes a link to said website.

*/s/ Ann Marie Sullivan*
Ann Marie Sullivan