IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Triumph Designs, Ltd., <br><br> Plaintiff, <br><br> v. <br><br> The Partnership and Unincorporated Associations Identified on Schedule A, <br><br> Defendants. | Case No. 1:22-cv-00506 <br><br> Judge: Hon. Steven C. Seeger |

**DEFENDANT NEWTONSTEIN'S MOTION TO UNFREEZE ACCOUNTS IN LIGHT OF EXPIRATION OF THE APRIL 8, 2022 TRO**

Defendant, Newtonstein Ltd. ("Newtonstein"), for its Motion to Unfreeze Accounts in Light of the Expiration of the April 8, 2022 TRO, states as follows:

1. On April 8, 2022 without notice to defendant Newtonstein an *ex parte* motion for TRO was granted and a blanket injunction was issued prohibiting certain alleged infringing acts and freezing financial accounts of various defendants labeled as "The Partnerships and Unincorporated Associations Identified on Schedule A". ECF 16.

2. On April 20, 2022, another *ex parte* motion was granted extending the TRO **only until May 6, 2022 at 5:00pm**. ECF 22.

3. On May 3, 2022, plaintiff filed a motion to convert the TRO to a preliminary injunction which requests to continue the freeze on defendants' financial accounts. ECF 24. There has been no briefing on nor any ruling on the motion to convert the TRO to a preliminary injunction and therefore the TRO has expired by its own terms.

4. However, Newtonstein's accounts remain frozen. Newtonstein depends for its business on its Fruugo account to pay its international staff and vendors and for the revenues in its Fruugo account and the continued freeze despite the expiration of the TRO is causing extreme

prejudice to Newtonstein where the facts at best reveal that only a single key chain was sold for a price of under $29.36 and that Newtonstein has already put in place safeguards to prevent any inadvertent sales that might be considered infringing. Newtonstein has, contemporaneously with this motion, filed a response in opposition to the motion for a preliminary injunction and included a supporting declaration which explains those issues.

5. Continuing to freeze accounts owned by Newtonstein will wreak harm upon Newtonstein, its staff, vendors and customers far outweighing the possibility that Plaintiff will be deprived of about $29.36 in potential damages not accounting for cost of goods and delivery.

WHEREFORE, for the reasons set forth above, Defendant Newtonstein Ltd. respectfully requests that this Court enter an Order to lift the freeze on Newtonstein's financial accounts in light of the May 6, 2022 expiration of the TRO and grant such other and further relief as this Court deems proper.

Dated: May 9, 2022

                                                    Respectfully submitted,

                                                    */s/ Jack J. Carriglio*
                                                    One of the Attorneys for Defendant,
                                                    Newtonstein Ltd.

Jack J. Carriglio
James G. Argionis
Cozen O'Connor
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 474-7900
jcarriglio@cozen.com
jargionis@cozen.com

Joseph A. Meckes
Squire Patton Boggs (US) LLP
joseph.meckes@squirepb.com

Attorneys for Defendant,
Newtonstein Ltd.

LEGAL\57878368\1

**CERTIFICATE OF SERVICE**

I, hereby certify that on May 9, 2022, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF, which will send notification of such filing to all Counsel of Record.

            */s/ Jack J. Carriglio*
            Jack J. Carriglio